# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DECORIE BATES**                                                                                     **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 1:21-cv-00408-BWR**

**PEARL RIVER COUNTY, et al.**                                               **DEFENDANTS**

## ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte* for consideration of partial dismissal. *Pro se* Plaintiff Decorie Bates brought this civil action under 42 U.S.C. § 1983, challenging the conditions of his confinement while he was housed at the Pearl River County Jail in Poplarville, Mississippi. Compl. [1]; Resp. [15]. Bates is now housed at the Federal Correctional Institute in Pollock, Louisiana. Notice [19]. He names Pearl River County, Captain Cory Mataya, Sergeant Sherica Davis, Sergeant Shelba Fayette, and Sergeant Liz Barton as Defendants, and he is proceeding *in forma pauperis*. Order [11]. Having considered the record and applicable law, the Court finds that certain of Bates' claims should be dismissed for the following reasons.

### I. BACKGROUND

Bates entered the Pearl River County Jail as a pretrial detainee around September or October 2021, after being charged with being a convicted felon in possession of a weapon under 18 U.S.C. § 922(g). He filed this lawsuit on December 20, 2021, and was later convicted on the felon-in-possession charge.

Bates' initial pleadings raise four causes of action, which he reiterated through testimony at the Omnibus Hearing held on October 31, 2022.[1] Bates appeared *pro se*, and Defendants were represented by Attorney Walker Lacey. During the hearing, the Court heard testimony from Bates, inquired about the specifics of his claims, and allowed defense counsel to make a similar inquiry.

First, Bates says that he was only given one uniform when he arrived at the Pearl River County Jail. No other clothing was provided during his time there, despite multiple requests to Sergeant Barton. Second, Bates says that the Pearl River County Jail is inadequately maintained, with windows covered by boards and intercoms being inoperable. Third, Bates complains that his food at the Pearl River County Jail was cold. Bates does not aver that he received inadequate food—only that the temperature of his food caused flatulence and constipation, for which he was treated. Finally, Bates avers that the showers at the Pearl River County Jail were covered with mold and mildew, and there was only one operational shower on the zone. Bates seeks $250,000 in compensatory damages. Compl. [1] at 2.

## II. DISCUSSION

### A. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a

---

[1] The Omnibus Hearing was held pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). So long as the plaintiff "has already pleaded his 'best case,'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action *sua sponte*. Because the Court has permitted Bates to proceed *in forma pauperis*, Order [11], this case is subject to the provisions allowing for *sua sponte* dismissal under § 1915(e)(2)(B).

B. Claims Subject to *Sua Sponte* Dismissal

To state a claim under § 1983, Bates must allege that a person acting under color of state law violated one of his rights secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

  i. Inadequate Clothing

Bates first alleges that he was not provided enough clothing while incarcerated at the Pearl River County Jail. Specifically, he "had the same . . . uniform" from the time he entered the jail until he was sentenced on pending charges. He "had to wash

[his] thermals" because prison officials never brought him a change of clothes. When he asked, Sergeant Barton responded that they had "none in stock" or that the ones available were "not [Bates'] size." Bates concedes that he was not injured because of the clothing situation, nor did he see a doctor or any other healthcare provider because of it.

Prison officials owe a duty to pretrial detainees to provide them with "basic human needs," including "food, clothing, shelter, medical care, and reasonable safety." *Jolly v. Klein*, 923 F. Supp. 931, 943-44 (S.D. Tex. 1996) (citing *Hare v. City of Corinth*, 74 F.3d 633, 638-39 (5th Cir. 1996)). The provision of clothing to pretrial detainees must comport with the Fourteenth Amendment's Due Process Clause in that it cannot "constitute punishment." *Tamplain v. Parish of St. John the Baptist*, No. Civ. A. 04-1329, 2005 WL 2060927, at *3 (E.D. La. Aug. 23, 2005) (citing *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004)). No constitutional violation occurs when a pretrial detainee is denied clothing because the requested articles are unavailable. *See id.* (rejecting a § 1983 claim for inadequate clothing where "the plaintiff assert[ed] that he was not provided adequate clothing or footwear because the prison did not have either in his size").

Bates does not allege that clothing was distributed to (or withheld from) pretrial detainees at Pearl River County Jail for punitive reasons. By his own testimony, Bates was afforded an opportunity to wash his clothing periodically, and he has not alleged a lack of protection from the elements. Moreover, Sergeant Barton told Bates that more clothing was unavailable because it was not "in stock" or because

4

they had none in his size. The Court finds no constitutional violation in the provision of clothing based on these facts. *See id.*

Further, Bates admits that he suffered no physical injury because of the clothing situation at the Pearl River County Jail. "[A] prisoner plaintiff requesting monetary damages must . . . establish a physical injury resulting from the acts of prison officials." *Curry v. Byrd*, No. 5:13-cv-00196-DCB-MTP, 2016 WL 1068858, at *3 (S.D. Miss. Jan. 28, 2016), *report and recommendation adopted by* 2016 WL 1069093, at *1 (S.D. Miss. Mar. 17, 2016); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The Fifth Circuit Court of Appeals has interpreted this "physical injury" requirement to require more than a *de minimis* injury. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Bates "has failed to allege, much less establish," that he was physically injured by the provision of clothing at Pearl River County Jail. *See Curry*, 2016 WL 1068858, at *3. This claim is thus dismissed with prejudice.

      ii.    <u>Poor Jail Maintenance</u>

Next, Bates asserts that the Pearl River County Jail is poorly maintained. The bulk of this claim concerns "the boards over the windows," which obscures the view. In his Complaint, Bates avers that these boards would keep inmates from getting an officer's attention in case of emergency, Compl. [1] at 2, though he provides no specific example of that occurring.

5

The physical-injury requirement discussed above applies to this claim too. *See Curry*, 2016 WL 1068858, at *3. At the Omnibus Hearing, the Court asked Bates whether he was "injured because there were boards over the windows." He admitted that he was not. This claim is likewise dismissed with prejudice.

### iii. Cold Food

Next, Bates claims that his food at Pearl River County Jail was served cold, which caused him to experience flatulence and constipation. But constitutional standards require only that prison officials provide an inmate with "sufficient nutritional value to preserve health." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quotation omitted). "The Constitution does not require that convicted inmates be provided with food at particular temperatures or [with] every culinary amenity which one may find desirable." *Hmeid v. Nelson Coleman Corr. Ctr.*, No. 18-3449, 2018 WL 4922381, at *13 (E.D. La. Aug. 15, 2018); *see also Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (5th Cir. 1985) ("The fact that the food . . . sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); *Frechou v. Allison*, No. 1:08-cv-01396-RHW, 2010 WL 578493, at *4 (S.D. Miss. Feb. 11, 2010) ("The Constitution requires that prisoners be served food that provides adequate nutrition, not that it be served hot.").

At no point does Bates allege that he was deprived of food. The inconvenience of eating a cold meal does not rise to the level of a constitutional violation, and this claim is dismissed with prejudice.

\* \* \*

Bates' final claim about the showers at Pearl River County Jail will proceed. The Court has ordered discovery on that issue and on the issue of the availability of administrative remedies during Bates' time at the Pearl River County Jail. Order [47].

### III. CONCLUSION

Having thoroughly reviewed and liberally construed the record, in conjunction with appliable law, the Court concludes that Bates' inadequate-clothing, poor-jail-maintenance, and cold-food claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Decorie Bates' claims related to inadequate clothing, poor jail maintenance, and cold food are **DISMISSED WITH PREJUDICE**. His remaining claim will proceed under the deadlines established in the Court's Omnibus Order [47].

**SO ORDERED,** this 3rd day of November, 2022.

*s/* *Bradley W. Rath*
HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE